**Nazario TRUJILLO, Petitioner,**

v.

**Alberto R. GONZALES,\* Attorney General, Respondent.**

**Nos. 04–71733, 05–75857.**

United States Court of Appeals, Ninth Circuit.

Submitted June 8, 2007 \*\*.

Filed June 13, 2007.

Gregory J. Boult, Esq., Gleckman & Sinder, Los Angeles, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, David V. Bernal, Attorney, Margaret K. Taylor, U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: TROTT and RAWLINSON, Circuit Judges, and KING,\*\*\* District Judge.

MEMORANDUM \*\*\*\*

Nazario Trujillo, a native and citizen of Mexico, petitions for review of a decision of the Board of Immigration Appeals ("BIA") summarily affirming an Immigration Judge's ("IJ") denial of a waiver under section 212(i)(1) of the Immigration and Nationality Act, 8 U.S.C. § 1182(i)(1). We dismiss the petition for lack of jurisdiction.

Trujillo does not dispute that section 212(i) applies to his case. We are not persuaded that the IJ used an incorrect standard in applying that statutory provision. As a result, we are without jurisdiction to review the IJ's discretionary denial of relief. *See Kalaw v. INS,* 133 F.3d 1147, 1150 (9th Cir.1997) ("The plain language of [the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, Pub.L. No. 104–208, 110 Stat. 3009 (1996), as amended by Pub.L. No. 104–302, 110 Stat. 3656 (1996) ("IIRIRA") ] precludes our direct review of the Attorney General's discretionary decisions."); *Sotelo v. Gonzales,* 430 F.3d 968, 970 (9th Cir.2005) (treating petitions formerly brought under the IIRIRA's transitional rules as being filed under

---

\* Alberto R. Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

\*\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\*\* The Honorable Samuel P. King, Senior United States District Judge for the District of Hawaii, sitting by designation.

\*\*\*\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

598

the permanent provisions of 8 U.S.C. § 1252 as required by § 106(d) of the REAL ID Act of 2005, Pub.L. No. 109–13, 119 Stat. 231, 311 (2005) ("RIDA")).

Although RIDA restored jurisdiction over "constitutional claims or questions of law," 8 U.S.C. § 1252(a)(2)(D), we still lack jurisdiction over discretionary decisions such as whether to grant relief under section 212(i). *See Ramadan v. Gonzales,* 479 F.3d 646, 654 (9th Cir.2007) ("Section 106 [of RIDA] does not restore jurisdiction over discretionary determinations.").

Similarly, we lack jurisdiction to review the BIA's exercise of its discretionary authority to reopen sua sponte under 8 C.F.R. § 1003.2(a). *Ekimian v. INS,* 303 F.3d 1153, 1156–60 (9th Cir.2002). The IJ was exercising his discretion in determining whether to reopen proceedings to consider possible § 212(i) relief to a new qualifying relative.

We are not persuaded that a colorable due process violation has been raised merely because, in denying the motion to reopen, the BIA failed to mention or consider the prior IJ's comment that "[i]f [Petitioner's wife] becomes a lawful permanent resident … it might be possible to revisit [Petitioner's] waiver case at that time since he would have another qualifying relative to whom he might be able to show the requisite hardship." *See, e.g., Martinez–Rosas v. Gonzales,* 424 F.3d 926, 930 (9th Cir.2005) (rejecting attempt to recast an unreviewable discretionary decision as a reviewable due process claim).

**PETITION FOR REVIEW DISMISSED.**

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.